IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHESTER R. BAUER, | CV 24-3-BU-DWM |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN; AUSTIN KNUDSEN, | |
| Respondents. | |

Petitioner Chester R. Bauer[1] seeks a writ of habeas corpus. (Doc. 1.) His claims are procedurally defaulted. The petition is dismissed.

I. **Background**

Bauer was convicted in the Third Judicial District Court, Anaconda-Deer Lodge County, Montana, of one count of incest and was sentenced in 2001 to life in prison, plus 20 years as a persistent felony offender. Bauer appealed his conviction but did not challenge his sentences. The conviction was affirmed. *State v. Bauer*, 2002 MT 7, 308 Mont. 99, 39 P.3d 689. He did not file a petition for postconviction relief.

---

[1] In various filings, Bauer refers to being transgender, attempting to obtain a name change, and as having another name and female pronouns. This Order's use of the name Chester Bauer and he/his pronouns reflects the usage in the pertinent court records, including Bauer's petition in this Court.

1

Seventeen years later, on March 26, 2019, Bauer petitioned the Montana Supreme Court to file an out-of-time appeal, alleging violation of various State and Federal constitutional rights, ineffective assistance of counsel, introduction of false evidence, a void judgment, and judicial bias. (Docs. 11-12 and 11-13.) The Court denied his petition on April 2, 2019, stating that Bauer had already appealed his conviction and was procedurally barred from doing so again. *Id.*

Less than three months later, Bauer filed a petition for habeas corpus in the Supreme Court, attacking his "facially invalid sentence" and other alleged errors in his conviction. (Doc. 11-14.) These claims were not the same that he raised in his petition for an out-of-time appeal. The Montana Supreme Court denied the petition, on state law grounds, determining that the district court had jurisdiction, and Bauer's other claims were improper collateral attacks on his conviction, citing Mont. Code Ann. § 46-22-101(1). (Doc. 11-15 at 2.) However, the Supreme Court queried whether his 2002 sentence was proper, given developments in the law of persistent felony offenders. (Doc. 11-15 at 2.) The State conceded that Bauer's sentence was invalid, and his case was remanded to the Third Judicial District Court for resentencing. Doc. 11-16; *Bauer v. Guyer*, 2020 WL 1281232 (Mar. 17, 2020).

Bauer was resentenced on July 8, 2020. (Doc. 11-6 at 5.) Bauer appealed his new sentence, late, and the Supreme Court affirmed the district court judgment on

2

June 28, 2022. *State v. Bauer*, 2022 MT 126N, 511 P.3d 1001.

Bauer filed a petition for postconviction relief in district court, which was denied on June 22, 2023. (Doc. 1-2 at 12 – 13.) In it, he raised the issues of false testimony by the victim, and various types of prosecutorial misconduct, including vouching. (Doc. 11-22.) The petition was denied because Mont. Code Ann. § 46-21-105 precludes relief on postconviction review of any claims that could have been raised on direct appeal. (Doc. 11-24.) He did not appeal the denial of his petition.

Instead, Bauer filed another original petition for habeas corpus in Montana Supreme Court. (Doc. 11 -25.) Bauer's petition included eleven issues. He included the issues raised his district court petition for postconviction relief, added two claims of ineffective assistance of counsel, and asserted a claim of appeal from the district court denial of his petition. *Id.* The Montana Supreme Court denied the petition on October 3, 2023. *Bauer v. Salmonsen*, No. OP 23-0490, 2023 WL 6457306 (Mont. Oct. 3, 2023). The Supreme Court pointed out that all of the issues raised in his petition had previously been appealed, and thus resolved, or had not been raised or appealed, and thus were untimely. (Doc. 11-26 at 2 - 3.) The issues raised in this proceeding were unrelated to his 2020 resentencing.

Bauer filed the instant petition on December 2, 2023. His form petition in this Court does not identify any claims in the section reserved for them. (Doc. 1 at

3

4 – 6.) However, Bauer attached an Affidavit that identifies six apparent claims: the prosecution invaded the province of the jury by vouching in closing argument by asking why the victim would lie; the State made comments playing on the jurors' emotions and using the witness's disabilities for sympathy; a prosecutor asked Bauer whether it was his position that "Amanda is fabricating this whole thing?", violating Bauer's rights to due process and a fair trial; counsel was ineffective for failing to object to the question why the victim would lie; counsel failed to object to the State offering inconsistent statements from the victim; and Counsel did not object to the prosecutor violating his own motion in limine about not calling testimony a lie. (Doc. 1-1 at 1.) The Affidavit is supported by a 97-page exhibit that includes his district court and Supreme Court petitions. (Doc. 1-2.)

**II.    Analysis**

The State's first argument is that Bauer's habeas petition is untimely and should be dismissed on that ground alone. (Doc. 11 at 29 – 33.) The State's conclusion that Bauer filed his petition in this Court after the one-year statute of limitation had run is correct. However, the State is also correct that, in some instances, equitable tolling will extend the viable filing period. Bauer argues he should be allowed additional time. (Doc. 12 at 5 – 6.) Rather than wade into the equities, the Court will proceed directly to the State's second contention, that Bauer's petition is procedurally barred, because it is dispositive.

4

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Martinez Ramirez*, 596 U.S. 366, 371 (2022). If the prisoner fails to present his claims to the state courts, but has no remaining state-court remedy, the claims are considered technically exhausted but procedurally defaulted for purposes of federal habeas review. *Id.*; *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (explaining that petitioners must properly exhaust state court remedies); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Bauer originally appealed his conviction on four grounds unrelated to the arguments raised here. *State v. Bauer*, 2002 MT 7, ¶¶ 3 – 6. His conviction was affirmed. Bauer's 2019 petition for an out-of-time appeal alleged ineffective assistance of trial and appellate counsel related to Brady violations, perjury, a void judgment, judicial bias, and not seeking certain evidence, claims that in some form reappeared in his 2023 district court petition. (Doc. 11-12 at 2.) The out-of-time appeal petition was denied on procedural grounds, as inappropriate for a second appeal.

Bauer's 2019 habeas petition in the Montana Supreme Court raised issues related to the trial court judge and his sentence, none of the claims raised here. His

petition was granted, in part, and his case was remanded for resentencing. His 2022 Supreme Court appeal was related only to his resentencing. (Doc. 11-19.)

Bauer's 2023 district court petition for postconviction relief was the first place where his contentions properly appeared, at least in some form. The State contends that Bauer's 2023 district court petition did not properly exhaust his claims for three reasons. (Doc. 11 at 34 – 38.) First, Bauer failed to cite any federal authority, so he did not fairly present his federal claim to the state court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Second, Bauer's claims were procedurally barred in state court because they could have been raised on direct appeal. As a result, he did not properly exhaust the claims, which requires raising them in proceedings in which the state court would rule on the merits of the claims. *Coleman*, 501 U.S. at 729-30; *Ngo*, 548 U.S. at 92-93. Third, Bauer did not appeal the denial of his district court petition for postconviction relief to the Montana Supreme Court, so he did not fairly present the claims to all levels of the state appellate system. *Boerckel*, 526 U.S. at 845 (requiring state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). As to Bauer's ineffective assistance of counsel arguments, the State contends that Bauer failed to identify them as such, or to cite federal law. (Doc. 11 at 37.)

Bauer's petition was denied on state procedural grounds. The Court cited

6

Mont. Code Ann. § 46-21-105, which governs postconviction relief and prevents consideration of grounds of relief that were or could have been raised in the trial court or on appeal. (Doc. 11-24 at 2.) Bauer did not appeal this district court denial, and thus ends his attempt to exhaust his federal claims in state court. *Boerckel*, 526 U.S. at 845. All of the claims brought via district court petition for postconviction relief were defaulted, as he never appealed the denial of any of them to the Montana Supreme Court.

Bauer did, however, file another habeas petition in the Montana Supreme Court, raising some of or similar claims. He did not label this an appeal of his district court petition, and the Supreme Court did not treat it as such. (Doc. 11-26.) But again, his petition was summarily dismissed on Montana state procedural grounds: the Montana Supreme Court refused to consider the claims he presented based upon Mont. Code Ann. § 46-22-101. This statute provides that the writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal. Bauer had, in fact, had two rounds of direct appeal in the Supreme Court, in essence. He did not raise these arguments then, and so the Court denied the petition on state law grounds.

Bauer's response is that he did raise these claims, and that he should not be held to the same standard as "litigants represented by counsel." (Doc. 12 at 7.)

7

Bauer is correct that pro se filings must be liberally construed. However, his assertion that all of his claims have been raised, and thus, are not procedurally defaulted, fails. He appears to be confusing the ideas of exhaustion and default. He may have raised some of these claims, and thus they are exhausted, but, as to both his exhausted and unexhausted claims, he can no longer bring them to state court, and thus, they are defaulted.

Bauer also notes that his claims have not been considered in state court because of procedural bars, as though that rejuvenates defaulted claims. (Doc. 12 at 12.) But a procedural bar is, in fact, a sort of consideration of an issue. Generally, when a state court's rejection of a federal claim "rests on a state law ground that is independent of the federal question and adequate to support the judgment," a habeas petitioner has procedurally defaulted his claim. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To constitute an "adequate" state ground, a procedural bar must be one that is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001). To constitute an "independent" state procedural bar, the bar must rest on a purely state law ground. A state procedural rule is deemed to be independent if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Michigan v. Long*, 463 U.S. 1032, 1040 (1983). A state-law ground is interwoven if "the state has made application of the procedural bar

depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75 (1983); *see also*, *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Montana courts have consistently applied Mont. Code Ann. § 46-22-101, the law that prevented its consideration of Bauer's claims, since its amendment in 1991. Thus, the procedural rule has been firmly established and regularly followed. It is not interwoven with federal law. The statute does not preclude review of certain claims, including constitutional claims; it simply requires that such claims be preserved and presented on appeal. *See e.g.*, *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). There is no federal analysis at play. The rule was clear at the time that Bauer defaulted these claims by failing to present them on appeal or in postconviction proceedings. Thus, the Court finds that Mont. Code Ann. § 46-22-101 is adequate and independent under *Coleman*, making these claims procedurally defaulted.

Accordingly, all of the claims are procedurally defaulted and "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

### a. Cause and Prejudice

A petitioner may overcome the prohibition on reviewing procedurally defaulted claims if he is able to show "cause" to excuse his failure to comply with the state procedural rule, and "actual prejudice resulting from the alleged constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). To establish cause for a default, a petitioner must show that some objective factor external to the defense impeded efforts to comply with the State's procedural rule. *See*, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner if it "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Prejudice to excuse the default "requires petitioner to establish not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (emphasis in original, internal quotations omitted). "Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

The only plausible cause alleged by Bauer is his lack of legal expertise, which is insufficient. *Hughes v. Idaho Bd. of Corr.*, 800 F.2d 905, 908-09 (9th Cir.

1986). Despite the way Bauer's resentencing revived his claims related to his 2001 conviction, there is nothing new or unknown about Bauer's contentions in his petition; everything he alleges there about the conduct of the judge, the prosecutors, the witnesses, or his counsel was known to him in 2000. The one possible claim that he might have additional information about was his claim related to his sentencing, since that was what the Supreme Court found had merit. But his case was remanded for resentencing, and he alleges no error regarding his resentencing in his petition. Bauer has had ample opportunities to take his claims to state court. Bauer has not asserted sufficient cause for his default.

A court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

### b. Fundamental Miscarriage/Actual Innocence

Procedural default may be excused for a fundamental miscarriage of justice. See e.g., *Cook v. Schriro,* 538 F.3d 1000, 1028 (9th Cir. 2008). The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court

cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 531 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 316 & n. 32 (1995). "Actual innocence" means factual innocence, not a mere legal insufficiency. See, *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Bauer never asserts in his Reply brief that he can show he is actually innocent of the crime. He identifies defects in his trial of various sorts, but he does not attempt to take advantage of the actual innocence gateway. In his district court petition, he offers a hypothetical about what evidence would have existed (and did

12

not), if he had committed the crime as described. (Doc. 11-23 at 2.) The same information is included in his filings in this Court, with a 2000 DNA report that predates his original trial and excludes his semen from a bedspread. (Doc. 12-1 at 38.) However, conjecture about the absence of his semen on a bedspread does not rise to the level of a credible showing of actual innocence; he has known of this report and its exclusion from his trial since before his first appeal. Thus, this is not the extraordinary case that warrants excuse of procedural default. *See Schlup*, 513 U.S. at 321; *Johnson*, 541 F. 3d at 937. Because he cannot meet *Schlup*'s high standard, there is no basis to excuse the default of this claim.

### III.     Conclusion

The claims contained in Bauer's petition are untimely and procedurally defaulted without excuse.  Based upon Bauer's response to this Court's order, he has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default.  Accordingly, this matter will be dismissed with prejudice.

### IV.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Bauer has not made a substantial showing that he was deprived of a constitutional right. He has failed to demonstrate a valid basis to set aside the procedural default. Accordingly, his petition is procedurally defaulted. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Accordingly, it is HEREBY ORDERED:

1. The Petition (Doc. 1) is DISMISSED with prejudice.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 12th day of September, 2024.

_____
Donald W. Molloy, District Court Judge
United States District Court